312-0048, Adrian B. Erickson, appellant by Gino Cafferini v. County of LaSalle, Appalooza, Memphis, D.A. Good morning. Good morning. May it please the court, counsel, my name is Gino Cafferini and I represent the appellant, Adrian Erickson. And this cause against the Appalooza County of LaSalle. As you are aware, the trial court dismissed Ms. Erickson's complaint on the 2615 motion stating that she did not state a cause of action for wrongful discharge breach of contract. And as you know, Ms. Erickson was employed as the nursing home administrator for the defendant's nursing home. She acted in that employment on, it was May 15th of 2006. And that was by resolution, her employment started by resolution, that was for a two and a half year term. At the expiration of that two and a half year term, they then rehired her for resolution for a three year term. And that was to begin on December 1st, 2008 and expire on November 30th, 2011. She was terminated without cause on September 11th, 2009. The trial court ruled that she did not state a cause of action. The trial court also ruled that this resolution was not a contract. And if you look at the resolution which I had attached to my brief, the resolution, the applicable resolution, it's clearly a contract. The resolution had stated the specific terms of Ms. Erickson's employment. The subject of the resolution was the terms and conditions of Ms. Erickson's employment. Also, it stated specifically the start date, which was December 1st, 2008, and the expiration date of November 30th, 2011. It also allocated each of her salary increments per year throughout the three year term. They also required Ms. Erickson to live on the premises of the nursing home, to live in an apartment on the premises of the nursing home. And that was to be from January, or from December 1st, 2008 to November 30th, 2009. That was a requirement, and in that resolution it says that she shall reside on the nursing home. So it was an action that was mandatory. And I believe that if you look at that paragraph alone, if Ms. Erickson did not live in the apartment, she decided January 1st of 2009 to move out of the apartment, the county would have a cause of action against her to compel her to move back on the premises or even terminate her contract. And I don't think anyone would question that because it's pretty specific in that part of the resolution. And also, if the defendant decided that they did not want to pay Ms. Erickson the pay that they allocated for the year, for example, 2010, she could bring an action against them in court and she would prevail because it specifically says in the resolution that she is to receive this pay beginning December 1st of 2009 to the end of the fiscal year. And no one would question that. But if you look at this resolution for the fixed term, and also down below in the resolution it states that for all purposes her employment is deemed employment at will. These are two conflicting statutes because the law is clear in Illinois that there is a presumption that if there is no specific duration mentioned, that the presumption is that the employee is employee at will. But here the defendant loses that presumption because we have both a fixed duration of employment, which in Illinois means that she can only be discharged for cause, and we also have employment at will. So these are conflicting clauses, that's what I called it in my brief, but they're conflicting and it's ambiguous. And looking at the four corners of the document, like if Ms. Erickson were to sue for pay, if she were to bring a cause of action because they didn't justify her pay, if you look at the four corners of the document, you could say that that's pretty specific there. Likewise, if the county brought an action against her for not living on the premises, it's pretty clear in the four corners of the document. You don't need any other interpretation from that. But in this case, we don't know. We don't know if she was hired and her job can only be terminated for cause because there's a specific duration or because it says employment at will. The defendant believes that just because employment at will statute says, there's mention that her employment for all purposes is deemed employment at will, believes that that supersedes the clause for a fixed term duration and that she could have been discharged without cause. And there's no case law that supports that, and there isn't a statute that supports that. And basic contract law states that if there's any question or any conflicts here, that is resolved against the drafter of the case as the defendant. And so Ms. Erickson should prevail just based on that, just basic contract law. And then also, if we look at the conduct of the parties, they treated this like it was an employment contract. Because she was employed for a two and a half year period in the beginning, when she first started her employment in 2006. At the end of that employment, she ended up, towards the end, and the court has to consider in the 2615 motion, the court also has to consider all well-pleaded facts and make inferences therefrom. So if you look at the clause in the contract, and it shows in that first resolution that it's going to expire on November 30th, 2008. Well, prior to November 30th, 2008, on November 21st, they passed a resolution rehiring her for a three-year term. So they treated this as a contract. And also, there's no question that in that prior resolution, the what they allocated to pay her in 2008, she was paid that salary increase. So they treated this like a contract. She even had discussions as pleaded in her complaint. She had discussions with the defendant's County Board Nursing Home Committee members, and they were telling her, we have to renew your contract. Also in the complaint, it stated that they had mentioned that the County Board Chairman wanted to know if she would take a one-year term. And she stated no, she would not. She would only accept a three-year term. And the resolution was passed granting her a three-year term. So if you look at the conduct of the parties and how they treated this, they treated this as a contract for a specific duration. And I believe just based on that, and also, I want to bring up something. This was an oversight on my part. It is attached to my complaint, but I did not attach it to my brief. But I did mention it in my argument, in my brief, that when Ms. Erickson first started her case in 2006, they had her sign a Rules of Conduct form, which stated that these are the types of misconduct that can lead to disciplinary action, up and including discharge. Well, if she was an employee at will, and if the defendant really reasonably believed she was an employee at will, they wouldn't have had her sign this, because all the list here is all for cause reasons to discharge somebody. And if they considered her an employee at will, they shouldn't I'm here, of course, on behalf of the County of LaSalle, and we have to really look at this case as one in its most simple terms, because that's really the way it was defense to a breach of contract case. The plaintiff's original complaint, and in the amended complaint that was filed later, cites the resolution as the terms of the employment agreement between them. And when you look at that, and it's clear from its face, it talks about what she would be paid for the given years of the rules of being an employee, this is an employment at will. And the key there is the difference between this case and those cited by Plaintiff's Counsel, because Plaintiff's Counsel's cases are ones where the negotiations and other written agreements are completely devoid of any discussion of employment at will. The law in presumed, and if it's not stated, then that would be the situation where the court starts looking around saying, what did the parties talk about, and what did they do in various things. We don't have that here. We have the very resolution that the plaintiff claims as being the one which gives her the power to bring this lawsuit, one where the court clearly says she's an employee at will. Now, we all know... Did the court make a finding that she was an employee at will? Yes. What the crowd court found, Your Honor, was that Judge Heddle, he said, look, I have to look at these provisions, and what I have to determine is how do we give essentially the four corners of that document, which is also required. And he said, I see the provisions which say that for the period X date through Y date, she'll be paid an amount of such and so. And then it talks about each one. But he said, the way I interpret that, and that's not ambiguous, is that if she works during that time, that's what she'll be paid. It's a dollar sum. This came in front of Judge Heddle on a 2615 motion to dismiss based on the sufficiency of the complaint. And it appears to me what he did is he treated it like a motion for summary judgment. He resolved the merits of the case by making a factual finding. So tell me, what did your motion to dismiss allege was defective about the complaint? The complaint, Your Honor, wasn't defective. It was substantially insufficient in law. It's paragraph sub B of 615. Because by applying the four corners of the document as set forth in the plaintiff's complaint, saying this is what I'm relying upon, that they can't pick and choose which ones they want to have and which ones they don't, because the person's an employee at will, you can't sue them for the fact that the person decided, one of the parties decided to end that relationship. I will state to you here that clearly we have a situation where, in this case, the plaintiff wants to use the benefit of the resolution when it fits her in terms of, you know, the dollar sum and the length of time, but wants to ignore the provision that talks about the employment at will. If this had been the other way around, if, for instance, Ms. Erickson, and I'm not suggesting she would be planning to do that, would at some point say, you know, I can get a better job somewhere else. I know that I have this three-year position that's set forth in the resolution, but I know that as an employee at will, I can give them notice that I'm not going to sue for wrongful discharge or for breach of contract in this particular case, because it was an employment at will. It's good for the goose and it's good for the gander. All we're asking this court to do is to recognize that employment at will has its requirements and it affects both parties. And in this particular case, this was well stated. All the facts are correct. In paragraph 10 of the amended complaint, she talks about her negotiations with a committee of the county board. They talked about the term and the requirements, but then said this was still subject, and they allege in paragraph 10 that she knew that this was subject to the approval and the actual is what they have to rely upon, because they chose to go down the litigation path, as the case may be, not that this was an oral agreement between the parties, but it was the terms of the resolution. Therefore, they must accept all of the aspects of the resolution, however that may come about, including the employment at will situation. I cited several cases in the brief, I won't go over them in detail, that essentially say, you know, parties can't pick and choose which part of the agreement or the terms of the agreement they want to believe, and therefore, if they want to believe one part, it makes the others ambiguous, rather. But in this particular case, there is no ambiguity, and I thought Judge And when you read those together, they essentially say, if you work during this period, you will be paid that much money, you're entitled to that. The next period, the next period, but then I'm also going to apply the employment at will, so that if either party essentially chooses that that relationship is going to end, it's not going to be a three-year agreement, it's going to end whenever they decide to, then I'm going to apply that as well, and those two can be read together. And so for all of those reasons, this is a proper, with all due respect, Your Honor, we believe a due and proper 615B motion, and that there isn't going to be anything added by any other facts, or by summary judgment or otherwise, when the plaintiff starts the case, saying, I'm going to rely upon the terms of this written document for the fact that I should be able to win this case, and our position is, if you just look at the document, you can see that it's clear it's an employment at will case, and as a result, either party could have terminated the relationship, and in fact, it happened to be LaSalle County that chose to do that. I certainly would welcome any questions you have. Otherwise, thank you very much. Thank you. I would invite you up, but I'm afraid I would mispronounce your last name. Mr. Cafferini. And Justice Wright, you're correct that Judge Heddle did treat this more like a summary judgment motion, and the reason is because Judge Heddle went outside the four corners of the document. Judge Heddle, looking at this document, you can't tell, a person cannot tell that she was an employee at will, or she was hired for a fixed term, and she should get the benefit of the doubt because she's not the drafter of this contract. And Judge Heddle, by interpreting this, and I think his comments were that it's how the county does business. Well, there's no evidence to that beforehand, and Judge Heddle may know that from his prior experience, but looking at the four corners of the document and not going outside the document, he could not have made that interpretation. And if this was a cause of action for back pay, it wouldn't have been dismissed on the 2615 motion because it's pretty clear what the pay was to be throughout this employment term. And also, if it was to compel Ms. Erickson to live in an apartment outside the premises, or on the premises, it would not have been dismissed on the 2615 motion. As long as she was still employed. Correct. And the defendant says that they should pick and choose. Well, the defendant is the one that's picking and choosing which clauses are appropriate for them. Because they're picking and choosing, well, she's an employee at will, so we want that clause because it's favorable to us. And the ambiguity is resolved against the drafter of the contract, and that should be the defendant. Also, the issue that the appellee mentions is that she was not bound. She could have left at any time. But the appellee was the drafter of the contract, and they could have bound her. They could have put in the resolution that if she was to leave employment, that she cannot work in a nursing home within a 40 mile radius. They could have put a restrictive covenant on that. Or they could have done something, but they chose not to. Plus also, the employment cases of Broody v. Dirt Foods, and also Pokora case, there's no mention, and the issue there was not mentioned that, well, the employee could have left at any time. That was not mentioned, and that was not an issue in that case. So we have a similar situation here. Maybe she could have left at any time, but they drafted the contract, and they could have bound her on that. So I feel that this motion, the 2-6-15 motion that Judge Held-Brandy should be overturned. Thank you. Thank you very much. We will be taking the matter under advisement and rendering it a decision without undue delay. Thank you very much.